UNITED STATES, Appellee,

v.

Greggie JONES, Private, U.S. Army, Appellant.

No. 34,263.

CM 12075.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Captain Michael B. Dinning* (argued); *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Captain Demmon F. Canner* (on brief); *Major Benjamin A. Sims, Captain Ralph E. Sharpe, Captain Derryl W. Peden.*

For Appellee: *Captain Paul W. Jacobson* (argued); *Colonel Thomas H. Davis, Major Steven M. Werner, Captain Laurence M. Huffman, Captain Denis L. Durkin* (on brief); *Lieutenant Colonel R. R. Boller, Captain Gary F. Thorne, Captain Dana C. McCue.*

Opinion of the Court

COOK, Judge:

Contrary to his pleas, appellant was convicted by a special court-martial, with members, of the larceny of an M-16A1 weapon, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. We granted review to determine whether the

military judge had timely and adequately instructed on the defense of alibi.

A brief summary of the evidence is necessary for a resolution of the issue. The evidence of record reflects that Private (E–2) Gonzalez, a member of Company C, 121st Signal Battalion, took the weapon in question to his barracks for the purpose of cleaning it. He departed the room at approximately 1345 hours and returned at approximately 1430 hours. At this point, he ascertained that the weapon had been removed from his room in his absence. Private First Class Bonner, also a member of Company C, testified that he observed the appellant, a member of Company B, in the Company C barracks between 1400 and 1430 hours on the day in question. He subsequently saw the appellant walking toward Company B carrying an M-16 rifle. Private Parker testified that on the day in question appellant was in the barracks of Company C, asking for Gonzalez's roommate. Finally, Private First Class Beard, Company F, 701st Maintenance Battalion, testified that he saw appellant pass an M-16 over a security fence to a civilian at approximately 1630 hours.

For the defense, Specialist Four Brown testified he was the Division Mail Carrier. On the day in question, appellant was the driver of the truck used to pick up and deliver mail. At approximately 1330 hours, they proceeded to the 121st Signal Battalion area. Brown left the vehicle to deliver and pick up the mail; as far as he knew appellant "stayed in the truck." They departed the area at an unstated time, but returned at 1415 hours to Company B to check the mail. The Company B barracks was located approximately one-half block from the Company C barracks. Brown and appellant were separated for a period of approximately 5 to 15 minutes.

Appellant also testified in his defense. He admitted he returned to the barracks area of the 121st Signal Battalion at approximately 1430 hours and that he had entered the barracks of Company C, but he maintained he did not enter Gonzalez's room, nor did he carry an M-16 during this period. He acknowledged that he passed some articles over the security fence during the period in question, but denied that an M-16 was involved in the transfer.

Trial defense counsel requested an instruction on alibi. Initially, the military judge denied the request, but then indicated he would instruct the court members on the subject. However, he failed to mention the matter in his final instructions to the court. The court members deliberated on the findings and then returned to the courtroom. Asked by the judge whether they had reached "a finding," the President responded in the affirmative. Thereupon, the judge observed that he had inadvertently omitted an instruction on alibi. He proceeded to instruct as follows:

You are advised that the defense of alibi may or may not have been raised in this case, depending upon your view of the evidence. The defense of alibi exists when there is evidence tending to show that the accused could not have been present at the time and place where the alleged offense occurred, and could have, therefore, committed it.

Alibi, as I have explained this term to you, is a complete defense to the offense charged because it is obvious that if the accused was not present at the time and place of the alleged offense, he could not have committed it.

The burden is on the prosecution to establish the guilt of the accused by legal and competent evidence beyond a reasonable doubt. Consequently, unless you are satisfied beyond a reasonable doubt that the accused was present at the time and place the weapon was taken, allegedly taken, then you must acquit the accused.

That completes the additional instruction. There are now some procedural instructions which I had omitted giving earlier, intentionally, but which I must now give.

The court is instructed that you should take the instruction I have just given you, together with the other instructions and the evidence that you've heard, and retire back to the deliberation room in

just a few moments when I again close the court. At that time it should be determined whether any member wishes to propose reconsideration of the finding you have actually reached. If no member proposes reconsideration of that finding, that finding will become the finding of the court. You may then reenter the courtroom and we will proceed in the normal manner.

He concluded by instructing on the voting procedure required if any member proposed reconsideration.

■ Appellate government counsel submit that the issue of alibi was not raised by the evidence and, thus, consideration of the adequacy of the instruction is unnecessary. We disagree. Although the testimony of Specialist Brown did not present a complete alibi as the appellant was out of his presence for short periods of time, we do not believe the evidence must account for the entire period in question to raise the issue of alibi. See 75 Am.Jur.2d Trial § 731 (1974). While the appellant conceded in his own testimony that he was in the building where the larceny occurred, the appellate defense counsel submits that such testimony reflects that appellant was present at

1430 hours, which was after the weapon was taken. However, the witnesses in the present case testified as to the approximate time in question and we do not accept the defense position that Gonzalez had necessarily returned to his room prior to the appellant's admitted presence in the building. Appellant did, however, specifically deny that he entered the room in question and we, therefore, do not accept the Government's position that appellant's testimony foreclosed an issue of alibi.

■ We note that the military judge's instruction was erroneous in that he permitted the court members to decide if the issue was raised. Whether the issue was raised and an instruction is, therefore, required, is a matter for the judge's determination; whether the evidence on alibi requires an acquittal is a question for the court members. However, we need not address the possible prejudicial effect of this deficiency in the instructions as we find a more serious error which requires reversal.

■ An issue of alibi having been raised by the evidence and the defense having requested an instruction thereon, the judge was obligated to give such an instruction.[1]

1. The dissenting judge notes that the defense of alibi is not an affirmative defense. Indeed, the Court's opinion in United States v. Moore, 15 U.S.C.M.A. 345, 347–48, 35 C.M.R. 317, 319–20 (1965), specifically rejected the concept that alibi is an affirmative defense but nevertheless held that a special instruction is required when it is requested and the issue is raised by the evidence, quoting the following from United States v. Martin, 15 C.M.R. 796, 804 (A.F.B.R. 1954):

But why, we may ask, is a special instruction on alibi either necessary or desirable when a court receives a general instruction to the effect that the court must find the accused took the property with the necessary criminal intent at the time and place alleged? If we are to require such a special instruction, are we not adding to the burden of the law officer and contributing to what Roscoe Pound has characterized as the hypertrophy of procedure? The Federal courts themselves have supplied the answer to this question. The answer is that a court should never lose sight of the fundamental rule in criminal procedure that an accused is presumed to be innocent of the offense of which he is charged, and that this is a continuing pre-

sumption which "attends him like a custodial spirit throughout the ordeal of his trial, and imposes upon the prosecution the burden of overcoming such presumption by such weight of evidence as will satisfy the minds of the triers beyond a reasonable doubt of the defendant's guilt . . ." (Glover v. U. S., 147 F. 426, 431). When the accused traverses that part of the charge that he then and there committed the offense by showing that he was not "then and there present," the burden of proof does not shift to him, and it is "not upon the defendants to establish alibis by a preponderance of evidence" (Falgout v. U. S., 279 F. 513; Glover v. U. S., supra). General instructions concerning presumption of innocence, burden of proof, and reasonable doubt, "cannot be regarded as having the effect of informing the jury that the defendants did not assume any burden of proof by adducing evidence tending to prove an alibi" (Falgout v. U. S., supra). Thus, an instruction on alibi serves to cure any erroneous belief that the accused, by offering evidence tending to prove an alibi, assumed the burden of proving what he attempted to prove (Glover v. U. S., supra; Falgout v. U. S.,

*United States v. Moore,* 15 U.S.C.M.A. 345, 35 C.M.R. 317 (1965); *see United States v. Bigger,* 2 U.S.C.M.A. 297, 8 C.M.R. 97 (1953). The problem presented here is not the failure to give the instruction, but the point at which it was given. Defense counsel submit that *United States v. Cooper,* 15 U.S.C.M.A. 322, 35 C.M.R. 294 (1965), requires reversal. *See United States v. Ricketts,* 1 M.J. 78 (C.M.A.1975). In *Cooper* the Court held that a law officer (now military judge) could not cure his failure to instruct on the effect of favorable character evidence prior to findings by recalling the court after the announcement of findings of guilty, instructing them on the effect of character evidence and having them revoke such findings and vote again on the question of the accused's guilt. The Court perceived "the dangers inherent in attempting to have the members, as here, reconsider with open minds and under proper instructions an issue which they have already settled to their own satisfaction, albeit without correct advice concerning the applicable law." *Id.* at 326, 35 C.M.R. at 298.

■ Government counsel attempt to distinguish *Cooper* on the basis that while the court members had made a determination on the issue of guilt prior to the instruction in question, unlike *Cooper,* such findings were not announced. However, the circumstances involved here present a stronger case for reversal than *Cooper.* In addition to the question of whether the members could consider the question of guilt with open minds after having resolved the issue under the deficient instructions, the record here does not reflect that the findings were even reconsidered. Indeed, the military judge permitted the court members to determine for themselves if the findings would be reconsidered and instructed them on the required voting procedure if any member proposed reconsideration. Thus, it is possible the findings were never reconsidered after the military judge attempted to correct his deficient instructions.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge PERRY * concurs.

FLETCHER, Chief Judge (dissenting):

Under the facts of this case I believe that the instruction on alibi was surplusage. I am not concerned with the timing of the giving of the instruction.[1] The instructions concerning the government's burden of proof and the instruction on reasonable doubt were adequate without any further specific instruction as to alibi.[2] A defendant is not entitled to the "alibi" instruction unless the evidence shows the alibi evidence would be sufficient to negate guilt.[3]

I suggest that alibi is not an affirmative defense. An alibi is merely evidence showing that the defendant was not present at the time or place of the alleged crime. I believe it should be considered as any other evidence without a specific "alibi" instruction which suggests a burden not found in the law.[4]

Under my rationale, I would affirm the decision of the United States Army Court of Military Review.

*supra*; see also, 53 Am.Jur., Trial, sec. 657; 67 A.L.R. 150; 29 A.L.R. 1157).
Thus, *Moore* specifically rejected the position set forth by the dissenting judge.

**1.** *See* ABA Standards, Function of the Trial Judge, § 5.11.

**2.** *Contra*: *see United States v. Harris,* 458 F.2d 670 (5th Cir. 1972), *cert. denied* 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145; *United States v. Booz,* 451 F.2d 719, 721–22 (3d Cir. 1971).

**3.** *United States v. Cole,* 453 F.2d 902, 906 (8th Cir. 1972), *cert. denied* 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122; *see United States v. Dye,* 508 F.2d 1226 (6th Cir. 1974), *cert. denied* 420 U.S. 974, 95 S.Ct. 1395, 43 L.Ed.2d 653.

**4.** *See* Pattern Instructions for Kansas, § 52.19.