**UNITED STATES**

v.

**Master Sergeant Kenneth L. TOWN-SEND, FR 216–54–9529 United States Air Force.**

**ACM 25484.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 April 1986.

Decided 19 Feb. 1987.

Appellate Counsel for appellant: Colonel Leo L. Sergi and Major Deborah A. Baker.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

The appellant was convicted, despite his plea, of wrongfully using marijuana in the European Theater on divers occasions over a ten month period. He complains that the military judge erroneously excluded material testimony of two defense witnesses by treating them as alibi witnesses. Having found that the defense failed to provide the prosecution with prior notice that the issue of alibi was being raised as required by R.C.M. 701(b)(1), the military judge excluded the proffered testimony. R.C.M. 701(g)(3)(C).

■ The first of these witnesses, a Staff Sergeant (SSgt) Hearn, was to provide testimony tending to cast doubt on the appellant's presence at a gathering at Royal Air Force Sculthorpe, England, in early September 1984, where he allegedly used marijuana on two occasions. However, SSgt Hearn's proposed testimony was properly characterized as hearsay by the military judge, although he apparently used the exclusionary provision relating to alibi, R.C.M. 701(g)(3)(C), in precluding the witness from testifying. As the Hearn testimony was clearly hearsay, the defense had no valid basis for urging that it be heard by the members. Mil.R.Evid. 802. Thus, the military judge did not err in this ruling, notwithstanding how we might be inclined to view the question of whether the proffered testimony raised the issue of alibi.

The proffered testimony of a Technical Sergeant (TSgt) Espinoza raises a more difficult question. This witness testified during an Article 39(a), U.C.M.J., 10 U.S.C. § 839(a), session that, in July 1985, he accompanied the appellant to a stag party at an off-base residence near Wittlich, Germany. He was, he testified, with the appellant at the party except for a 45–minute period when he left to purchase charcoal. According to TSgt Espinoza, he and the appellant left the party "around dusk, when it was getting—well, right at dusk, when it was getting dark. It wasn't quite dark, but it was dusk." The proposed testimony conflicted with the accounts of two prosecution witnesses who claimed they smoked hashish with the appellant during the course of the party. One witness testified on direct examination that the smoking occurred, "I'd say about an hour or two after it got dark, or so...." When queried

further on this point during cross-examination, the witness estimated that the smoking occurred "[a]s soon as—I remember, as soon as it was dark...." The second prosecution witness recalled that the smoking of hashish occurred "after it had gotten dark—because I remember it rained right before it got dark out—as soon as it got dark...."

The military judge determined that the thrust of the proposed testimony by TSgt Espinoza was that the appellant was not present at the party at the time, after dark, when the prosecution witnesses testified that the offense had occurred. Therefore, he concluded, the testimony raised the issue of alibi. As the prosecution had not received prior notice that alibi evidence would be presented, the military judge prohibited the witness' testifying that he and the appellant had left the party together at dusk. The witness was permitted to testify as to other matters concerning the evening in question. Included was his testimony before the members that he accompanied the appellant to a discotheque after they left the party. TSgt Espinoza stated that he remained with the appellant at the discotheque and denied having heard him make an admission, attributed to the appellant by a prosecution witness who was also at the discotheque, about his use of hashish earlier in the evening.

 The military judge correctly concluded that TSgt Espinoza's testimony that he and the appellant left the party together at dusk raised the issue of alibi. *See United States v. Jones*, 7 M.J. 441 (C.M.A.1979) (evidence acknowledging that the accused was present in a barracks where a weapon was stolen, but that he was not in a room from which the weapon disappeared near the time of the probable theft, raised the issue of alibi). Appellant's civilian counsel at trial asserted that, inasmuch as the specification alleged wrongful uses of marijuana at divers times within the European Theater, an alibi issue could be raised only by evidence that the appellant was not present in the European Theater for the entire period encompassed by the specifica-

tion. The Court's discussion of alibi in *Jones, supra,* at 443, convinces us that this is an untenable position. TSgt Espinoza's proffered testimony spoke both to time, after darkness, and place of an alleged criminal act. Thus, it purported to raise the issue of alibi. *United States v. Martin*, 15 C.M.R. 796, 804 (A.F.B.R.1954), cited with approval in *United States v. Jones, supra,* at 443, n. 1, and in *United States v. Moore*, 15 U.S.C.M.A. 345, 35 C.M.R. 317, 319 (1965).

 Having determined that the proffered testimony raised the issue of alibi, did the military judge abuse his discretion in excluding it? We are reluctant to second-guess discretionary rulings made from the bench. We note, however, that exclusion of alibi evidence is a drastic remedy to be employed only after various factors have been carefully evaluated. *See Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), at 83, n. 14, 90 S.Ct. at 1896, n. 14. Included as a factor to be weighed is the disadvantage to opposing counsel of the failure to receive prior notice. R.C.M. 701(g), Discussion. The record fails to reveal that the prosecution was confronted with a surprise of major dimension which would surely have altered its trial strategy significantly if known in advance. TSgt Espinoza's identity as a defense witness was known to the prosecution, and he had been interviewed prior to trial. The record indicates that the prosecution may well have suspected that an alibi issue was lurking somewhere in the defense case, as trial counsel had specifically queried the civilian defense counsel in this regard prior to trial. While the civilian counsel provided a negative response to this query, this answer did not cause trial counsel to rest easy. Indeed, trial counsel indicated to the military judge that he had cause to be wary of this particular counsel's trial tactics. The basis for his reservations was not directly relevant to the question of exclusion of the proffered testimony. On the other hand, the trial counsel, according to his averments, was apparently forewarned as to possible alibi issues.

He failed to demonstrate that he was not also forearmed.

■ Another factor to be evaluated is the reason for counsel's failure to provide notice. R.C.M. 701(g), Discussion. While the defense counsel advanced an interpretation of the nature of an alibi which we have viewed as untenable, the question of whether alibi was raised as an issue in this case was, in fact, close. TSgt Espinoza's testimony could have fairly been regarded, more narrowly, as in the nature of a challenge to the two prosecution witnesses' credibility through an attack on their recollections as to when dusk became darkness on the evening in question. While the civilian defense counsel expressly denied that alibi would be an issue in response to a direct query from opposing counsel prior to trial, the record does not support a conclusion that he did so in an effort deliberately to mislead the prosecution. Although we view his failure to provide the requisite notice as mistaken, we do not conclude from the record that he acted in bad faith. Based on the military judge's comments from the bench, neither does it appear that he discerned bad faith in this respect.

As a general rule we do not favor the exclusion of relevant evidence in a case such as this in the absence of a grossly negligent or knowing failure of the proponent of evidence to provide requisite notice, coupled with a demonstrable and substantial prejudice to the opposing counsel's orderly presentation of his case. A military judge is faced with a formidable task when, as in this case, opposing counsel apparently suspect the worst of each other. However, more often than not counsel is not the calculating blackguard that an opponent caught up in the heat of battle may imagine. Where bad blood is manifest, the military judge's greatest asset is his objectivity. Exclusion, as we earlier indicated, is a strong remedy intended for extraordinary circumstances, not as a routine response to the regrettable derelictions which haunt trial practice from time to time in spite of the best efforts of military judges to instill discipline in practitioners. In this regard we note the Army Court of Military Review's treatment of an analogous situation in *United States v. Brown*, 17 M.J. 544 (A.C.M.R.1983). That Court found error in exclusion of evidence of an alleged rape victim's prior sexual activity with an accused even though the defense counsel had been clearly derelict in his failure to provide timely notice of such evidence as required by Mil.R.Evid. 412(c)(1). Justice should prevail in spite of counsel when the need arises.

■ Based on our evaluation of the factors revealed on the record, we conclude that the military judge should not have excluded the challenged testimony of TSgt Espinoza. We find further that the appellant was not prejudiced by the ruling. The evidence produced by the prosecution was of wrongful uses of marijuana and marijuana in the hashish form on three separate dates in three distinct locations. The portion of TSgt Espinoza's testimony which was allowed to be heard by the members tended to rebut other testimony of a damaging admission allegedly made by the appellant. TSgt Espinoza's proffered testimony as to when he and the appellant left the party conflicted as to the time with the testimony of prosecution witnesses only in terms of their relative estimates of dusk versus darkness. In weighing the overwhelming evidence of the appellant's guilt, we are convinced that the members' finding of guilty would not have been altered had the excluded testimony been heard.

We have examined the record of trial, the assignment of errors and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.