### UNITED STATES

v.

**Airman First Class Johnny L. SALTER, FR 367–76–9758 United States Air Force.**

**ACM S27481.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 Feb. 1987.

Decided 23 July 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before HODGSON, FORAY and EHRENHAFT, Appellate Military Judges.

## DECISION

EHRENHAFT, Judge:

Appellant was tried by special court-martial on charges of attempted distribution of marijuana on 19 June 1986 and distribution of marijuana on 21 June 1986. He pleaded not guilty to both charges, testified on his own behalf denying involvement, and presented evidence of defense witnesses to establish an alibi. The principal government witnesses were two airmen, one of whom was in confinement at the time of appellant's trial, and the second of whom had, prior to appellant's trial, received an Article 15 non-judicial punishment and been discharged from the Air Force.

The testimony of the two government witnesses with respect to the first charge of attempted distribution was not entirely consistent, particularly with respect to the date of the alleged offense. The court rendered a finding of not guilty of this charge.

With respect to the charge of actual distribution of marijuana, the two government witnesses corroborated one another's testimony on the date and time of the alleged offense. Both testified that the incident occurred in the dormitory at Kelly Air Force Base in which they and the accused had rooms, after they had gone to meet a third person at the airport in San Antonio at about 1220 on 21 June 1986 and returned to the base later in the afternoon. They differed in their testimony on whether only one of them had entered the accused's room to buy the substance he was accused of distributing. The appellant testified that he had spent the preceding night at the home of a friend, Sergeant Whitfield, and had returned to Kelly Air Force Base on the morning of 21 June to shower and change his clothes. He claimed he left the base with his friend before 1300 hours. The sergeant corroborated this testimony, stating he had taken the accused to his dormitory at 1100 and had left Kelly Air Force Base with the appellant within two hours.

In requesting instructions to the court, defense counsel asked the military judge to highlight the testimony of Sergeant Whitfield "particularly the dates or the time on the 21st." The military judge asked, "Specifically?" Defense counsel answered

Specifically, sir, that [the airman] testified ... they were at the airport around noon. [The sergeant] testified that only left ... very close to Kelly Air Force Base around 11 o'clock to arrive at the barracks, and that, therefore, that would establish an alibi that he wasn't around at the time. [Tr. at 155.]

The military judge agreed, but then asked trial counsel for comments "for the proposition that there is no alibi." The judge declined to give an instruction requested by the trial counsel recalling to the court members Sergeant Whitfield's admission on cross-examination that he had not been with the accused throughout the two hours he claimed they had been at the Base. However, the military judge indicated that trial counsel was free to argue that point if he thought it appropriate.

The military judge stated that he would give the instruction on alibi in paragraph 5–13, *Military Judges Benchbook*, DA Pamphlet 27–9, 1 May 1982, providing in pertinent part

If you are convinced beyond a reasonable doubt that the accused was present (*state time and date of alleged offenses*) the defense of alibi does not exist. (emphasis in original.)

In instructing the members of the court, the military judge stated:

The evidence has been raised concerning the defense of alibi.... 'Alibi' means that the accused could not have committed the offenses charged because the accused was at another place when the offense occurred. Alibi is a complete defense to the offense of ... distribution of marijuana.... There has been testimony by Sergeant Whitfield that he arrived with the accused at the accused's dormitory before noon on 21 June 1986 whereas [the airmen] contend they left the San Antonio Airport shortly after noon ... Sergeant Whitfield also testified that he did not stay with the accused much of the time they were at the accused's dormitory room. The burden is on the prosecution to establish the guilt of the accused. If you are convinced beyond a reasonable doubt that the accused was present ... in his dormitory room on Kelly Air Force Base, Texas, on or about 21 June 1986, the defense of alibi does not exist.

Defense counsel made no objection to this instruction although both he and trial counsel devoted portions of their closing arguments to the critical differences in the evidence concerning the *time* at which the accused was supposed to have been present in his dormitory room. There was no dispute about the *date*, which all agreed was 21 June 1986.

The court found accused guilty of the charge of distribution. A sentence of a bad conduct discharge, confinement for 60 days, reduction in grade to airman basic and forfeiture of $438.00 per month for two months was imposed and was approved by the convening authority.

Appellant's detailed defense counsel has submitted a brief under Article 38(c), U.C. M.J., based on claims that evidence of uncharged misconduct was erroneously placed before the members of the Court and that the evidence introduced was legally insufficient to establish guilt beyond a reasonable doubt because it rested entirely on the testimony of two discredited witnesses. Appellate defense counsel has submitted the record for our review with this application.

■ We have no difficulty finding the first issue raised to be without merit. Through an apparent clerical error, the court reporter misnumbered the prosecution's exhibits. However, the item in question does not appear to have been admitted or shown to the members. On the second issue, we find no basis for disturbing the findings of the triers of fact who, apparently, found the government's evidence insufficient to establish appellant's guilt on the first charge but who were convinced of his guilt of the second charge.

■ Appellate defense counsel has not raised, however, the question of whether the instruction given by the military judge on the critical defense of alibi was proper. Although the judge stated he would follow the form of paragraph 5–13 of the pattern instruction guide in fact he did not, in his instruction, tell the members that they had to be convinced that the accused was present *after noon* on 21 June 1986 to overcome the appellant's alibi. He stated only that if the accused was found to have been present on the *date* alleged, the alibi "does not exist." This was error. The appellant conceded he was present on the date in question; it was the time on that day that was critical. And the model instruction requires mention of the *"time and date of the alleged offenses."* [emphasis in original.]

Although the instruction was erroneous, we conclude that corrective action by this Court is not required. The critical issue of the time of day at which accused returned to his room was amply argued by counsel and highlighted in the judge's instruction leading up to cited passage of his instruction. Defense counsel at trial did not object to the instruction given nor raise the issue on appeal.

As our recent decision in *United States v. Townsend,* 23 M.J. 848 (A.F.C.M.R.1987) indicates, evidence of the time of the accused's presence at the scene of the alleged offense can properly raise the defense of alibi. But as our decision in that case noted, we must view the issue in the context of the entire record. In light of the extensive argument highlighting the time

issue and the military judge's impartial recapitulation of the relevant testimony, as well as the failure of defense counsel at trial (or on appeal) to object to the inexact instruction, we cannot hold this record to contain "plain error." R.C.M. 920(f). *See United States v. Cotton*, 13 U.S.C.M.A. 176, 178, 32 C.M.R. 178, 180 (1962); *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A. 1986). In this case the instructional omission, without timely objection, does not warrant reversal by a reviewing court.

The findings of guilty and the approved sentence are

AFFIRMED.

Chief Judge HODGSON and Senior Judge FORAY concur.