UNITED STATES, Appellee,

v.

Monte E. COFFIN, Private First Class
U.S. Army, Appellant.

No. 49,952.

SPCM 18895.

U.S. Court of Military Appeals.

Sept. 23, 1987.

For Appellant: *Captain David C. Hoffman* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen, Captain Craig E. Teller* (on brief).

For Appellee: *Captain Bryant G. Snee* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Joseph A. Rehyansky, Captain Karen L. Taylor* (on brief).

## OPINION OF THE COURT

COX, Judge:

This case presents us with two issues.[1] The first raises serious questions about the fundamental rights of an accused to "a

---

1.  Review was granted to determine:

    I

    WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY NOT ALLOWING DEFENSE COUNSEL, AFTER PLEAS HAD BEEN ENTERED, TO MAKE A MOTION TO SUPPRESS EVIDENCE SEIZED FROM APPELLANT.

    II

    WHETHER THE PRETRIAL COMMENTS BY THE SUMMARY COURT-MARTIAL CONVENING AUTHORITY TO A BATTALION FORMATION WHILE APPELLANT AND A COURT MEMBER WERE PRESENT DEPRIVED APPELLANT OF A FAIR TRIAL.

meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986), *quoting California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984).

Appellant was tried for selling marijuana in the hashish form on August 14, 1982, and possessing residue of marijuana on October 8, 1982. The defense made no pretrial motion to suppress the Government's introduction of evidence in support of the charges.[2] After appellant entered pleas of not guilty, defense counsel moved to suppress the evidence, claiming that "[o]riginally it" had been her "understanding that" appellant had been "searched incident to an arrest, and he ha[d] just told ... [her] that he ... [had] not [been] arrested" so "there ... [had been] no probable cause for ... [the authorities] to search ... [appellant's] pockets."

Mil.R.Evid. 311(d)(2), Manual for Courts-Martial, United States, 1969 (Revised edition), provides:

(A) When evidence has been disclosed under subdivision (d)(1), any motion to suppress or objection under this rule shall be made by the defense prior to submission of a plea. In the absence of such motion or objection, the defense may not raise the issue at a later time except as permitted by the military judge for good cause shown. Failure to so move or object constitutes a waiver of the motion or objection.

After counsel's argument, the military judge denied the motion, stating:

I'm not going to entertain any evidence on this matter. I don't see that you've presented good cause for bringing this up after pleas have already been entered, and the evidence was disclosed to you prior to pleas being entered; ... basically my ruling is that you've waived your objection to that evidence.

■ We disagree. Our review of the record leads us to conclude that appellant showed good cause to raise his objection to the admissibility of the evidence. First, the specification related to possession of marijuana residue was joined with more serious charges of sale and transfer of hashish, and trial defense counsel had been led to believe that the "residue" charge would be dropped prior to trial. This belief was based upon representation of assistant trial counsel to defense counsel 1 or 2 weeks prior to trial that the charge would be dropped. The decision to go forward with the charge was made the day before trial. Second, defense counsel did not learn that there was a possible objection to the evidence until after the pleas had been entered. Up until that moment, she had been acting under the assumption that the residue was found during a lawful search incident to arrest. It was only after the pleas were entered that she learned the search may have been illegal.

In any event, the United States Supreme Court has consistently required that trials be conducted in such a manner as to give a criminal defendant *"an opportunity to be heard in his defense."* *Rock v. Arkansas*, — U.S. —, 107 S.Ct. 2704, 2709, 97 L.Ed.2d 37 (1987), *quoting In Re Oliver*, 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948). *See also Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) (right to state-provided psychiatrist); *California v. Trombetta, supra* (right to reasonable access to evidence); and *Davis v. Alaska*, 415 U.S. 308,

2. Appellant was tried by special court-martial with officer members. The trial was held on November 23, 1982, at Aschaffenburg, Federal Republic of Germany. Contrary to his pleas, he was convicted of wrongful sale of hashish and wrongful possession of marijuana residue, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge; confinement for 6 months; forfeiture of $382.00 pay per month for 6 months; and reduction to pay grade E–1. The convening authority approved the findings and sentence as adjudged, on April 10, 1984, and the Court of Military Review affirmed. We remanded the record to that court (18 M.J. 448), which rendered its decision on July 31, 1985, reaffirming the findings and sentence. Following a second petition, we granted review on December 31, 1985. *See* n.1, *supra*.

94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (meaningful cross-examination).

■ We are concerned that appellant was not, but should have been, given the opportunity to object to admission of the evidence. While the rule announced in Mil. R.Evid. 311(d)(2)(A) is salutary and provides for efficient administration of justice, it should be liberally construed in favor of permitting an accused the right to be heard *fully* in his defense.[3] *See also United States v. Williams,* 23 M.J. 362 (C.M.A. 1987).

■ The second issue arises because one of the court members was present at a battalion formation where the accused was arrested, brought before the group with five or six others, and accused by the commander of being a drug dealer. This information was developed subsequent to trial and was not explored on *voir dire*. During *voir dire*, however, the member revealed that he knew appellant and knew of a "urinalysis" done about the time of the second offense.

3. We are also mindful that in cases such as this, appellant may have a valid claim of ineffective assistance of counsel. We cannot see from this record whether the failure to make a timely objection was the product of misinformation given to counsel by her client, lack of diligent investigation, or prosecutorial sandbagging.

Although the record is too sparse for us to conclude that the military judge abused his discretion by denying appellant's challenge for cause, the combination of the member's presence at the formation and his peculiar knowledge of appellant leads us to conclude that he should not have sat on this case.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered. *See* Art. 67(f), Uniform Code of Military Justice, 10 U.S.C. § 867(f).

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in part and in the result):

I believe that the military judge did not abuse his discretion in finding a waiver under Mil.R.Evid. 311(d)(2)(A). Nevertheless, I agree with the majority that the accused's constitutional right to present a full defense was abridged in this case. On the second issue, I concur in the result.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott,* 24 M.J. 186 (C.M.A.1987). A military judge can eliminate such a claim merely by giving an accused the opportunity to be heard and, then, after trial, the judge can deal with the attorney who is not abiding by the rules.