**UNITED STATES, Appellee,**

v.

**Captain Larry D. WALKER, 203–44–9220, United States Army, Appellant.**

**No. CM 448099.**

U.S. Army Court of Military Review.

23 Dec. 1987.

ful possession of cocaine and heroin, and thirteen specifications of making and delivering checks with the intent to defraud in violation of Articles 86, 112a, and 123a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 912a, 923a (Supp. II 1984). The appellant was sentenced to dismissal from the service, confinement for five years, and total forfeitures. The convening authority approved the sentence.

On 14 October 1986, this court heard oral argument on two issues. They were:

### I

WHETHER APPELLANT WAS DENIED HIS FIFTH AND SIXTH AMENDMENT AND MILITARY DUE PROCESS ENTITLEMENT TO OBTAIN AND PRESENT WITNESSES IN HIS FAVOR.

For Appellant: Sa'ad El–Amin, Esquire (argued); Captain Richard J. Anderson, JAGC (on brief).

For Appellee: Captain Thomas L. Herrington, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Major Thomas E. Booth, JAGC, Captain Richard Parker, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

### OPINION OF THE COURT

ROBBLEE, Judge:

The appellant was tried at Fort Lee, Virginia by a general court-martial composed of members. Contrary to his pleas, he was convicted of absence without leave, wrong-

### II

WHETHER THE ARTICLE 32, UCMJ, INVESTIGATING OFFICER, TRIAL COUNSEL AND MILITARY JUDGE FAILED IN THEIR DUTIES TO INQUIRE INTO AND RESOLVE THE ISSUE OF APPELLANT'S MENTAL RESPONSIBILITY.

A post-trial affidavit,[1] relative to the first issue and bearing on the appellant's mental responsibility at the time of the offenses was considered as well. On 4 November 1986, this court ordered a sanity board to inquire into the mental responsibility of the appellant at the time of the offenses. *United States v. Walker,* CM 448099 (A.C.M.R. 4 Nov. 1986) (order) (unpub.). Additionally, this court ordered that a military judge conduct a limited hearing pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A.1967), to determine whether an issue had been raised as to the appellant's

---

1. The affidavit was signed by William A. Sheppard, M.D., an adolescent and adult psychiatrist who examined and treated the appellant during six one-hour sessions beginning on 21 May 1985. It stated that the appellant "suffered from either a mental disease or defect which, ... resulted in [the appellant] being deprived of a substantial capacity to either appreciate the criminal character of his conduct or to conform his conduct to the requirements of the law." Further, it provided that the affiant had been "fully prepared to render ... [such] opinion as an expert witness" at the appellant's court-martial.

mental responsibility at the time of the offenses.

 The sanity board and the *DuBay* hearing ordered by this court were conducted on 18 December 1986 and 14 May 1987, respectively. Among other things,[2] the sanity board concluded that the appellant suffered from opioid abuse and did not, as a result of mental disease or defect, lack substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. The military judge at the *DuBay* hearing, citing *United States v. Thomas*, 48 C.M.R. 865 (A.C.M.R.1974), concluded as a matter of law, that the evidence was in conflict as to whether the appellant, at the time of the alleged offenses, lacked mental responsibility or suffered from a substance abuse disorder. However, he found that "some evidence,"[3] had been introduced tending to show that the appellant, at the time of the offenses, did suffer from a "mental disease, an adjustment disorder, which contributed to his inability to conform his conduct to the requirements of law."

On 16 July 1987, the appellant, in further pleadings, urged this court to either dismiss the charges or direct a rehearing on the ground that the issue of mental responsibility had been raised post-trial. In light of our disposition of the appellant's first claim of error as it relates to the military judge's exclusion of expert psychiatric testimony to the substantial prejudice of the appellant, it is unnecessary to reach the remaining issues.

On 22 July 1985, the government, in an Article 39(a) session, objected to the production of certain defense witnesses, among them a defense psychiatrist. As to the defense psychiatrist, the government objected because the defense had not provided "*any* advance notice of expert witnesses ... regarding a mental disease, defect or other condition bearing upon the guilt of the accused." The government predicated its objection in this regard on the provisions of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984, and R.C.M., respectively] 701(b)(2) (changed 1 June 1987). That rule pertinently provides:

(2) *Mental Responsibility.* If the defense intends to rely upon the defense of lack of mental responsibility or to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the guilt of the accused, the defense shall, *before the beginning of trial on the merits*, notify the trial counsel of such intention.

(Emphasis added).

In sustaining the government's objection to the production of the defense psychiatrist, the military judge reasoned that the defense should have notified the government of the expert witness approximately five weeks earlier when motions were litigated. He likened the defense request for expert psychiatric testimony to a motion requesting a mental examination. The individual defense counsel (IDC) argued that R.C.M. 701(b)(2) did not require that notice be given by motion and opined that the military judge was "stripping the defendant of any ability to defend himself." As a consequence, the military judge reconsidered his earlier ruling.

---

2. The board unanimously found that:
 (a) at the time of the alleged criminal conduct, appellant suffered from opioid abuse,
 (b) at the time of the alleged offenses, appellant did not, as a result of a mental disease or defect, lack substantial capacity to appreciate the criminality of his conduct and to conform his conduct to the requirements of the law, and
 (c) at the time of the alleged offenses, appellant did, as a result of heroin use, lack substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.

3. The use of a "some evidence" standard was improper in the present case since this court's order required a conclusion of law as to whether the issue of the appellant's mental responsibility at the time of the offenses was raised post-trial. *United States v. Roberts*, 18 M.J. 192, 195 (C.M.A.1984); *United States v. Triplett*, 45 C.M.R. 271, 277 (C.M.A.1972). This error, however, is of no consequence because the military judge's findings of fact and conclusions of law in circumstances such as these are "instructive but not controlling." *United States v. King*, 24 M.J. 774, 778 (A.C.M.R.1987).

Reconsideration of the ruling elicited the following colloquy between the military judge and the IDC regarding the notice requirements contained in Federal Rule of Criminal Procedure [hereinafter Fed.R. Crim.P.] 12.2(b): [4]

MJ: ... *I mean, I believe I am authorized to interpret if there is a question of interpretation of the court-martial rules, that the Federal rules may be used to fill in the gaps.*

IDC: I don't know if that is—number one, it says under 12.2(b) that a motion shall be filed or the notice shall be filed within the time provided for the filing of pretrial motions, but *that is not what the rule says in terms of court-martial rules.* And to now refer back to this, when we were utilizing, rather than the Federal Rules of Criminal Procedure, *we were using the rules that apply to this particular forum, that we are entitled to deal with the plain meaning of the rule as provided in this forum ... is unduly burdensome and would construe the rule strictly ... against the interests of the accused ...* [since] the rule ... [allows for late filing of notice] for cause shown.

(Emphasis added).

Thereafter, the military judge adhered to his initial ruling. In doing so, he construed the words "before trial on the merits" contained in R.C.M. 701(b)(2), as requiring that notice of intent to employ expert psychiatric testimony must be given "at the time of normal motions," as in Fed.R.Crim.P. 12.-2(b).

It is axiomatic in American civil jurisprudence that trials be conducted in such a way as to ensure the criminal defendant *"an opportunity to be heard in his defense." Rock v. Arkansas,* —— U.S. ——, 107 S.Ct. 2704, 2709, 97 L.Ed.2d 37 (1987), *quoting In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948). The sixth amendment right to present a defense is no less fundamental in military jurisprudence. UCMJ, art. 46, 10 U.S.C. § 846 (parties to a court-martial "shall have equal opportunity to obtain witnesses and other evidence in accordance with such regulations as the President may prescribe"); M.C.M., 1984, R.C.M. 913(c) and 1001(a)(1) (parties to courts-martial guaranteed full opportunity to present evidence before findings and sentence).

 While "[t]he Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance of any and all witnesses," *United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982), it does entitle criminal defendants to the production of witnesses whose testimony is relevant and necessary. *Id.;* R.C.M. 703(b)(1) (parties entitled to "the production of any witness whose testimony on a matter in issue on the merits or on an interlocutory question would be relevant and necessary"). *See also* M.C.M., 1984, Military Rule of Evidence [hereinafter Mil. R. Evid.] 401. Moreover, rules of procedure and evidence are "liberally construed in favor of permitting an accused the right to be heard *fully* in his defense." *United States v. Coffin,* 25 M.J. 32, 34 (C.M.A.1987). *See also United States v. Williams,* 23 M.J. 362 (C.M.A.1987).

 In the instant circumstances, we are satisfied that the appellant should have been permitted to present expert psychiatric testimony in his behalf. The failure to allow such testimony deprived the appellant of sixth amendment and military due process rights. *Cf. United States v. Brooks,* 25 M.J. 175, 180 (C.M.A.1987) (failure to allow alibi instruction as denial of sixth amendment and due process rights). In this regard, the proffers [5] of the IDC as to the anticipated testimony of the psychiatrist, if not perfectly styled, were adequate

---

**4.** Fed.R.Crim.P. 12.2(b) pertinently provides:

(b) *Expert Testimony of Defendant's Mental Condition.* If a defendant intends to introduce expert testimony relating to a ... mental condition of the defendant bearing upon the issue of his guilt, *he shall, within the time provided for the filing of pretrial motions ... notify the attorney for the government in writing of such intention* and file a copy of such notice with the clerk. *The court may for cause shown allow for late filing of the notice....*

(Emphasis added).

**5.** The IDC variously stated that:

in light of his intent to defend on the basis of a mental disease or defect arising out of the appellant's chronic use of heroin. Mil. R.Evid. 103(a)(2); *United States v. Thomson*, 3 M.J. 271, 273 (C.M.A.1977) ("consistent use of an intoxicant can itself cause a mental disease").

Further, the military judge erred by imposing a narrower notice requirement than that required by the plain language of R.C.M. 701(b)(2). *United States v. Williams*, 23 M.J. at 366. In effect, the military judge overrode a rule prescribed by the President when he interpreted R.C.M. 701(b)(2) in light of the notice requirement contained in Fed.R.Crim.P. 12.2(b). This was impermissible.

While we interpret R.C.M. 701(b)(2) as requiring that reasonable notice be given of the defense of lack of mental responsibility, we decline to characterize the notice given in the case at bar as unreasonable. When the government's objection to the expert witness was sustained, the appellant had only an oral report of the prospective psychiatric testimony. This had been given to him within five days of trial. Also, in the absence of evidence to the contrary, we are loathe to characterize the appellant's actions as being in bad faith. Accordingly, the military judge's resort to the drastic remedy of excluding the testimony was here unwarranted and an abuse of discre-

[T]he use of the drugs was not a voluntary act in the sense that a normal mind had made a choice to become involved in drugs. We are not dealing with a mind that is normal, we are dealing with a mind that has been, in a sense, perverted by tragedy or near-tragedy.... [W]hat the psychiatrist will tell you is that if you have a person who is normally an efficient individual but who experiences a personal tragedy or a personal crisis ..., that personal crisis can be the catalytic agent which throws that person into abnormal behavior ... both ... [as to] society, and ... [the individual].

. . . . .

I intend to introduce evidence of chronic drug use which would trigger the *Thompson* [sic] ruling that that can constitute a mental disease. I will introduce evidence that that mental disease existed in the accused, and that that mental disease substantially interfered with his behavior so that any criminal conduct during the relevant period would be covered under that defense.

tion.[6] *Cf. United States v. Townsend*, 23 M.J. 848, 851 (A.F.C.M.R.1987) (exclusion of alibi evidence improper "absent grossly negligent or knowing failure of the proponent of evidence to provide requisite notice, coupled with a demonstrable and substantial prejudice to the opposing counsel's orderly presentation of the case."); *United States v. Brown*, 17 M.J. 544 (A.C.M.R. 1983) (exclusion of evidence of consent in rape prosecution improper notwithstanding marginal compliance with Mil.R.Evid. 412(c)).

Since we have found error of constitutional dimension, we can sustain the appellant's conviction only if we are satisfied that the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed. 2d 705 (1967). This we cannot do in the case at bar.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge FELDER and Judge GILLEY concur.

. . . . .

[The psychiatrist] can testify that that mental disease was caused by the chronic use of heroin.

6. Our result does not foreclose the remedy of exclusion in other cases. We note that exclusion is employed in the federal courts. *See generally United States v. Buchbinder*, 796 F.2d 910 (7th Cir.1986); *United States v. Veatch*, 647 F.2d 995 (9th Cir.1981), *modified on other grounds*, 674 F.2d 1217 (1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982). We are convinced, however, that exclusion is a remedy of last resort which should be undertaken only in the most extreme circumstances and upon special findings supported by evidence of record. Most problems of this nature can be obviated by granting a continuance. This affords the accused an opportunity to be heard and serves the interests of justice. If counselling is appropriate for noncompliance with the rules, military judges can accomplish that post-trial in most cases. *United States v. Coffin*, 25 M.J. 32, 34 n. 3 (C.M.A.1987).