EFFRON, Chief Judge
(concurring in part and in the result):
I concur with Part II.B. of the majority opinion, which rejects Appellant’s claim of ineffective assistance of counsel (Issue II). As noted in the majority opinion, Appellant consented to the blood alcohol test, the voluntariness of his consent is supported by evidence in the record, and the defense has *165 not demonstrated that he had a viable claim that his consent was involuntary.
The same considerations apply with respect to the question of whether the military judge erred in denying trial defense counsel’s belated motion to litigate a suppression motion at the court-martial (Issue I). Although the test for prejudice with respect to any error by the military judge is less burdensome on the defense than the test for prejudice with respect to ineffective assistance of counsel, the difference is not material here. In light of the state of the record on the issue of consent, Appellant has not demonstrated that he had a viable suppression motion. Any error by the military judge in addressing defense counsel’s belated motion at trial was harmless. See Article 59(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 859(a) (2000).
In that context, we need not reach the issue of whether the military judge erred, particularly in light of United States v. Coffin, 25 M.J. 32, 34 (C.M.A.1987) (observing that Military Rule of Evidence (M.R.E.) 311(d)(2)(A), regarding belated suppression motions, “should be liberally construed in favor of permitting an accused the right to be heard fully in his defense”), and in the absence of any indication in the record that defense counsel withheld the motion in order to sandbag the prosecution or for any other tactical reason. Accordingly, with respect to Issue I, I concur in the result.