BAKER, Judge
(concurring in part and in the result):
For the reasons stated in the majority opinion and in the Chief Judge’s separate opinion, I concur with Part II.B. of the majority opinion and in the result. Like the Chief Judge, I would not reach the issue of whether the military judge erred by denying defense counsel’s tardy suppression motion. However, I think this case is factually distinguishable from United States v. Coffin, 25 M.J. 32 (C.M.A.1987). Among other things, Coffin’s counsel relied on government representations that it would not bring the charge in question. Id. at 33. Here, defense counsel had forty-four days from referral until his arraignment to consider the charge and identify a basis for suppression. Moreover, Appellant’s counsel had the wherewithal to identify the necessary facts before trial, even without access to the law enforcement witnesses, including access to and knowledge gained from his client, as well as potential access to witnesses at the hospital. Therefore, I find it unnecessary to rely on Coffin or the statement in that opinion that Military Rule of Evidence (M.R.E.) 311(d)(2)(A) “should be liberally construed in favor of permitting an accused the right to be heard fully in his defense.” 25 M.J. at 34.
I would not reach Issue I based on the facts of this case. It is clear that defense counsel was flirting with a potential ineffective assistance claim. Indeed, the military judge helped to frame the claim:
MJ: All right. And presumably you had— knew many of the facts that you’re alleging regarding voluntariness from speaking to your own client, correct?
DC: Yes, sir, we had discussions concerning certain aspects of that, but—
MJ: And did you ever request any assistance from the government in having these witnesses return your calls or come to your office or anything along those lines?
DC: I did not do that, sir.
MJ: Did you request any assistance from the court along those lines?
DC: I never filed any notice or motion with the court.
MJ: And just to make sure everything is clear, the first time you objected or raised this motion was on the merits today, correct?
DC: Yes, sir, based upon the testimony of Sergeant Bowick.
The military judge might quickly have determined whether counsel was engaged in a tactical gambit, was providing fallible representation regarding a claim without merit, or had failed to timely pursue a credible claim. Instead, the door was left open for Appellant to litigate an ineffective assistance claim during three years of appellate litigation, based on facts and arguments arguably not fully *166 developed at trial. For example, some question remains whether counsel sought to contact personnel at the hospital who could address Appellant’s status and treatment at the time his consent to draw blood was obtained.
Certainly, as a matter of legal policy it would have been better for the military judge to close and secure the door otherwise left opened. “A military judge can eliminate such a claim merely by giving an accused the opportunity to be heard and, then, after trial, the judge can deal with the attorney who is not abiding by the rules.” Id. at 34 n. 3. Nonetheless, we need not ultimately decide whether the military judge erred by not closing the door. In the final analysis, and for the reasons stated in the majority opinion, the record as it is demonstrates that Appellant’s ineffective assistance claim fails on the basis of the second prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, I concur in the result.